# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AMCO INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 08-540-GPM |
| | ) |
| ROBERT ROHR, ERICKA SHAW, and | ) |
| ANDREW MORRIS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter came before the Court on June 22, 2009, for hearing on Plaintiff's motion for summary judgment. For the following reasons and for those set forth on the record during the hearing, the motion is granted.

### BACKGROUND

Plaintiff Amco Insurance Company insured Defendant Robert Rohr's All Terrain Vehicle (ATV). Defendant Erica Shaw crashed the ATV into a tree, injuring Defendant Andrew Morris. Morris has filed a separate lawsuit against Rohr and Shaw (the Morris lawsuit). Amco has refused to indemnify Rohr and Shaw against the Morris lawsuit, claiming that the accident was not covered by Rohr's policy because it did not take place on Rohr's land. Both Rohr and Shaw admit that the accident took place on Mike and Sandy Camden's property. Amco filed this action under the Court's diversity jurisdiction, seeking declaratory judgment that no coverage exists under its policy and that Amco has no duty to defend or indemnify Rohr and Shaw from the Morris lawsuit. (*See*

Doc. 19.) Rohr and Shaw have not responded or otherwise appeared and have been defaulted; a default judgment will be entered against them shortly. Morris opposes Amco's motion for summary judgment.

## DISCUSSION

Federal Rule of Civil Procedure 56(c) holds that if the pleadings, discovery, and disclosure materials disclose no genuine issue of material fact, the movant may be entitled to judgment as a matter of law.

> Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In determining whether a genuine issue of material fact exists, [the court] must view the record in a light most favorable to the nonmoving party. Because the primary purpose of summary judgment is to isolate and dispose of factually unsupported claims, the nonmovant may not rest on the pleadings but must respond, with affidavits or otherwise, setting forth specific facts showing that there is a genuine issue for trial. The evidence must create more than some metaphysical doubt as to the material facts. A mere scintilla of evidence in support of the nonmovant's position is insufficient; a party will be successful in opposing summary judgment only when it presents definite, competent evidence to rebut the motion.

*Albiero v. City of Kankakee*, 246 F.3d 927, 931-32 (7th Cir. 2001) (internal citations and quotations omitted).

In interpreting an insurance policy, the Court is mindful that the general rules governing contracts govern the interpretation of the policy. *Hobbs v. Hartford Ins. Co. of the Midwest*, 823 N.E.2d 561, 564 (Ill. 2005). The Court's goal here is to give effect to the intention of the parties as expressed in the policy language. *Id.*, *citing Menke v. County Mutual Insurance Co.*, 401 N.E.2d 539, 541 (Ill. 1980); *see also Gillen v. State Farm Mut. Auto. Ins. Co.*, 830 N.E.2d 575, 582 (Ill. 2005). If the policy language is unambiguous, the policy will be applied as written, unless it

contravenes public policy. *Hobbs*, 823 N.E.2d at 564. The Court will not strain to find an ambiguity where none exists. *Id*.

Amco moves for summary judgment on the grounds that the policy contains express, unambiguous language excluding coverage and that the issue may be determined as a matter of law. The Amco policy provides:

> [T]here is still no coverage for "motor vehicle liability" unless the motor vehicle is (d) designed for recreational use off public roads and
>
> 1. Not owned by the "insured"; or
>
> 2. Owned by an "insured" provided the "occurrence" takes place on an "insured location" as defined in definitions **B.6.a., b., d., e., or h.**

Amco argues that under *Safeco Insurance Company v. Brimie*, 'insured location' has been construed as unambiguous as a matter of law. 516 N.E.2d 577, 580-81 (Ill. App. Ct. 1987). Here, the applicable definition of 'insured location' found in policy section B.6. includes:

> a. the residence premises;
>
> b. (1-2) the part of other premises, other structures and grounds used by the insured as a residence, and which is shown in the declarations or required for use as a residence by the insured during the policy period;
>
> d. (1-2) any part of a premises not owned by an insured and where an insured is temporarily residing;
>
> e. vacant land, other than farm land, owned by or rented to an insured; and
>
> h. any part of a premises occasionally rented to an insured for use other than business use.

Rohr and Shaw admitted in depositions that their neighbors, the Camdens, owned the land where the accident occurred (*see* Doc. 25, Ex. 1 at 32:11-16, 33:1-3; Doc. 25, Ex. 2 at 52:19-21). Therefore, it cannot be an 'insured location' under the terms of the policy. The Court agrees with

Amco's reasoning but will briefly address Morris's arguments.

Morris first argues that a plot or survey may show that the accident took place on Rohr's land. However, Morris has provided neither in response to the motion for summary judgment. On this record, the Court cannot conclude that there is an issue of material fact sufficient to withstand summary judgment.

Morris next argues that the gravel driveway that services the Rohr house constitutes an easement. This allows him to argue that the insurance policy is ambiguous with regard to easements, or that the policy language encompasses easements. Easements can be shown in a number of ways. They can be shown by express grant. *Mueller v. Keller*, 164 N.E.2d 28, 31 (Ill. 1960). They also can be shown by prescription if the property has been used adversely, openly, uninterruptedly, continuously, and exclusively for 20 years, the period of statutory limitation. *Wehde v. Regional Transp. Authority*, 604 N.E.2d 446, 455-56 (Ill. App. Ct. 1992). Finally, easements can be implied by necessity. *Granite Properties Ltd. Partnership v. Manns*, 512 N.E.2d 1230, 1236 (Ill. 1987). In cases of implied easements, the Illinois courts have specifically upheld a grant of summary judgment where the proponent of the easement failed to present evidence that the parcel was owned by a common grantor, that it was landlocked by partition, and that it remained landlocked. *Gacki v. Bartels*, 859 N.E.2d 1178, 1185-86 (Ill. App. Ct. 2006). Morris has failed to submit any evidence to show that the road in this case constituted a deeded easement or an easement by prescription, implied necessity, or apparent continuous use. Therefore, the evidence in the record is insufficient to survive a motion for summary judgment.

Third, Morris argues that coverage exists because the "occurrence" started from the "insured premise." Morris contends that the occurrence was not the accident itself, but rather Shaw's driving

of the ATV while intoxicated. Morris cites the following policy language:

> 8. Under Section II, 'occurrence' means an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in:
>
> a. "bodily injury;" or
>
> b. "property damage."

Morris argues that the intoxicated driving is a "harmful condition" under the terms of the policy. The Court rejects this argument because intoxication is not a tort unless it causes damage, and the damage took place off of the insured property. Furthermore, in cases where an insurance policy provides occurrence-based coverage and the policy requires that the occurrence take place on insured property, coverage will not exist where a negligent act occurs on insured property but the resulting injury occurs off of the insured property. *Heritage Ins. Co. v. Bucaro*, 428 N.E.2d 979, 982 (Ill. App. Ct. 1981).

Finally, Morris argues that coverage also should exist under paragraph A.2. of the Exclusions. Paragraph A.2. does not prohibit coverage if the ATV is "used solely to service an 'insured's residence.'" Since Rohr used the ATV for some service purposes, Morris argues that coverage should exist under this provision. Morris argues that 'solely' is ambiguous and could refer to either the ATV's use at the time of this accident or the use throughout its life. The Court does not find 'solely' ambiguous. The recreational use of the ATV at the time of the accident precludes coverage under paragraph A.2.

## CONCLUSION

For the foregoing reasons and for those set forth on the record during the hearing, the motion for summary judgment (Doc. 19) is **GRANTED**. The motion for default judgment (Doc. 10)

similarly is granted.  The Clerk of Court is **DIRECTED** to enter summary judgment against Defendant Morris and default judgment against Defendants Rohr and Shaw.  There is no coverage for the Morris lawsuit under the relevant policy, and Amco owes no duty to defend or indemnify Rohr and Shaw in the Morris lawsuit.

**IT IS SO ORDERED.**

DATED:  07/08/09

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge